UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FELIPE MORA, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 5:09-CV-131-BG |
| | ) ECF |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff filed this complaint seeking review of a decision of the Commissioner of Social Security, and the United States District Judge reassigned this case to the United States Magistrate Judge. Now before the court is Plaintiff's unopposed motion to dismiss. Because Plaintiff did not consent to the jurisdiction of the United States Magistrate Judge, the court files this Report and Recommendation.

**I.   Discussion**

Plaintiff filed his motion to dismiss on January 11, 2010, stating that he no longer desires to prosecute his claim. In addition, the Commissioner does not object to the court dismissing the claim. Accordingly, the court may dismiss the action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**II.   Recommendation**

The court recommends that the District Court dismiss this action without prejudice.

**III.   Right to Object**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within ten days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    Dated:      January 13, 2010.

                                      NANCY M. KOENIG
                                      United States Magistrate Judge